IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )
                               )
        v.                     )      Civil Action No. 08-1028
                               )      (Criminal No. 06-0264)
ANTHONY LAMONT WILLIAMS        )
                               )

MEMORANDUM

Anthony Lamont Williams has filed a <u>pro</u> <u>se</u> motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [doc. no. 41].  Because defendant entered into a plea agreement wherein he waived his right to file a motion under 28 U.S.C. § 2255, the motion will be DENIED.

I.    BACKGROUND

On April 27, 2007, pursuant to a written plea agreement, defendant pleaded guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e), possession of a firearm by a convicted felon.  The written plea agreement specifically provided that defendant waived his right to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255:

> Anthony Lamont Williams further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Criminal No. 06-0264 [doc. no. 30].

On April 27, 2007, this court held a change-of-plea hearing and engaged defendant in a colloquy wherein defendant stated that: he could read, write, and understand the English language; he was satisfied with the representation provided by his counsel; and he acknowledged that he was waiving his right to trial by jury [doc. no. 48-2 at 3, 4, and 7].

At the hearing, the written plea agreement was made part of the record. As with the normal custom, the court asked the government to place on the record the salient terms of the plea agreement. The Assistant United States Attorney read in open court the following relevant portions of the plea agreement:

> The defendant waives the right to take a direct appeal from his conviction or the sentence subject to the following exceptions:
>
> First, if the United States appeals from the sentence, the defendant may take a direct appeal from the sentence.
>
> Second, if the sentence exceeds the applicable statutory limits set forth in the United States Code, the defendant may take a direct appeal.
>
> Third, if the sentence unreasonably exceeds the guideline range determined by the Court under the sentencing guidelines, the defendant may take a direct appeal from the sentence.
>
> Mr. Williams further waives his right to file a motion to vacate the sentence under 28 United States Code 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction.

2

[Doc. No. 48-2 at 10-12].

> The court then asked the following questions:
>
> The Court:   Sir, is this your understanding of the agreement?
>
> The Defendant: Yes, sir.
>
> The Court:   Counsel, is this your understanding of the agreement?
>
> Ms. Sims:    It is Your Honor.

Id. at 13.  The court assured itself that defendant was not coerced into entering into the plea agreement.  Id. at 9.  The court then found that defendant was competent and capable of entering an informed plea and that his plea of guilty was knowingly and voluntarily made.  Id. at 14.

This court sentenced defendant on July 24, 2007, as an Armed Career Criminal, to the mandatory minimum sentence of 180 months imprisonment.

On July 22, 2008, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [doc. no. 41].  On August 22, 2008, the government responded to the motion, arguing that defendant had knowingly and voluntarily waived his right to file such a motion when he entered into the aforementioned plea agreement.   On June 16, 2009, the court conducted an evidentiary hearing to determine whether defendant's waiver of appellate rights and right to collaterally attack his sentence was knowing and voluntary.  The court issued an order in advance of the

3

hearing advising the parties that the evidentiary hearing would be "limited to the issue of whether petitioner waived his right to file said motion when he entered into his plea agreement" and that "issues relating to the merits of petitioner's conviction will not be entertained by the court."  Civil Action No. 08-1028 [doc. no. 3].

At the June 16, 2009 hearing, defendant asserted that the colloquy was inadequate under Rule 11, but presented no evidence, nor made any argument, that his waiver of appellate rights was not knowing and voluntary.

## II.  DISCUSSION

A defendant's waiver of his right to appeal and to collaterally attack his sentence pursuant to a plea agreement will be upheld, as long as he does so knowingly and voluntarily and enforcement of the waiver does not work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008)(citing United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001)).

### A.    Knowing And Voluntary Waiver

The threshold issue is whether defendant's waiver of his collateral rights in the plea agreement was knowing and voluntary. Mabry, 536 F.3d at 237-38.  Defendant's written plea agreement plainly states that the waiver applies to motions to vacate sentence pursuant to 28 U.S.C. § 2255 [doc. no. 30].  Defendant

4

signed the plea agreement, and by doing so acknowledged that he understood its terms.   Before this court accepted the plea agreement and during the change-of-plea hearing, defendant assured the court that he had not been coerced into entering into the agreement.   The relevant waiver provision was read into the record by the Assistant United States Attorney during the hearing and defendant and his counsel both indicated that they understood its terms.   Defendant does not allege that counsel was ineffective or coercive in negotiating the plea agreement.   In fact, the change-of-plea hearing transcript reflects defendant's satisfaction with counsel [doc. no. 48-2 at 4].

In his motion, defendant presented no evidence, nor made any argument, that his waiver was not knowing and voluntary.   At the evidentiary hearing, defendant presented no evidence to demonstrate that his waiver of appellate rights was not knowing and voluntary. We, therefore, find that the waiver was knowing and voluntary.

B.     Rule 11(b)(1)(N)

We next address whether the change-of-plea colloquy failed to meet the requirements of Federal Rule of Criminal Procedure 11(b)(1)(N), as recently interpreted by the Court of Appeals for the Third Circuit.   United States v. Goodson, 544 F.3d 529 (3d Cir. 2008); United States v. Corso, 549 F.3d 921, 929 (3d Cir. 2008). According to these two cases, the appellate waiver may be unenforceable because the Assistant United States Attorney read the

5

terms of the waiver provision in the plea agreement into the record and the district court did not personally and specifically address the waiver provision.   Rule 11(b)(1)(N) provides:

> Before the court accepts a plea of guilty ...
> the court must address the defendant
> personally in open court.   During this
> address, the court must inform the defendant
> of, and determine that the defendant
> understands, ... the terms of any plea-
> agreement provision waiving the right to
> appeal or to collaterally attack the sentence

Fed.R.Crim.P. 11(b)(1)(N).

The colloquy format provided here, wherein the Assistant United States Attorney, not the court, placed the terms of the appellate waiver on the record, followed the standard colloquy format that has been employed in the United States District Court for the Western District of Pennsylvania for many years.   Indeed, it has long been the practice in this district to have the Assistant United States Attorney read the salient points of the plea agreement, including any waiver of appellate rights, on the record and for the court to then ask the defendant, generally, if he understands the terms of the agreement and if the government's recitation reflects his understanding of the agreement.   It has not been the protocol of this district court to independently recite the terms of the plea agreement, and then question the defendant as to his understanding of each specific term of the plea agreement, including the appellate waiver.

6

As far as we can determine, the first time the Court of Appeals for the Third Circuit held that this colloquy format, where the court relies on the Assistant United States Attorney to place the terms of the plea agreement, including any appellate waiver provision, on the record, was inadequate was in <u>Goodson</u> in October of 2008, followed by <u>Corso</u> in December of 2008.  The <u>Goodson</u> and <u>Corso</u> decisions post-dated the sentencing in this case by more than 18 months.

We also point out that in April of 2008, post-dating this sentence by more than a year, the court of appeals found the identical colloquy format "thorough and proper" in <u>United States v. Jackson</u>, 523 F.3d 234, 243 (3d Cir. 2008).  In <u>Jackson</u>, the defendant raised the issue of whether the waiver of appellate rights was enforceable due to the colloquy.  There, as here, the Assistant United States Attorney read the plea agreement into the record, including the appellate waiver provision, and the court then asked the following questions:

> The Court:   Mr. Brink, do you agree that the terms of the plea agreement have been correctly stated by Mr. Rivetti?
>
> Mr. Brink:   Yes, I do, Your Honor.
>
> The Court:   Miss Jackson, has the prosecution correctly stated the agreement, as you understand it?
>
> The Defendant:  Yes.

<u>United States v. Jackson</u>, 06-cr-0327 [doc. no. 18 at 28-29].  At no

time did the district judge specifically question the defendant
regarding the waiver provision.  Yet, again, the court of appeals
found the colloquy to be "thorough and proper."  <u>Jackson</u>, 523 F.3d
at 243.

        Similarly, the colloquy format in this case was nearly
identical to the colloquy format employed by the district court in
<u>United States v. Price</u>, 558 F.3d 270, 284 (3d Cir. 2009).   In
<u>Price</u>, the Assistant United States Attorney placed the salient
points of the plea agreement, including the defendant's waiver of
appeal rights, on the record.   The court then asked the following
questions:

> The Court:    All right.   Have you read and
>               reviewed   the   plea   agreement
>               before you came to court today?
>
> The Defendant: Yes.
>
> The Court:    And did you discuss it with Mr.
>               Patton?
>
> The Defendant: Yes.
>
> The Court:    And do you agree with all its
>               terms and conditions?
>
> The Defendant: Yes.

<u>United States v. Price</u>, 04-cr-0050 [doc. no. 59 at 10-11].   At no
time did the district court personally address the waiver provision
with the defendant.   Yet, this colloquy was deemed sufficient by

8

the court of appeals.[1]  Of significance, the <u>Price</u> decision was published in March 2009, post-dating <u>Goodson</u> by six (6) months.

In any event, despite the lack of clarity in direction from the court of appeals, "[a] Rule 11 violation, [], does not automatically render a waiver provision inoperative." <u>United States v. March</u>, No. 08-1800, 2009 WL 1941990, *2 (3d Cir. July 8, 2009).  Indeed, a deficient colloquy will not invalidate an otherwise knowing and voluntary waiver unless the deficient colloquy seriously effects the "fairness, integrity, or public reputation of the judicial proceedings." <u>See</u> <u>Corso</u>, 549 F.3d at 931.

Enforcing the waiver, here, will not result in a miscarriage of justice.  As discussed above, defendant signed the plea

---

[1]

Indeed, the Court of Appeals in <u>Price</u> pointed out with apparent approval,

> We note that the procedure employed by the court in this case is nearly identical to the procedure employed by the district court in <u>Gwinnett</u>. <u>See</u> [<u>United States v. Gwinnett</u>, 483 F.3d 200, 204 (3d Cir. 2007)] ("[T]he District Court asked Gwinnett whether she read the plea agreement, discussed it with her attorney, asked her attorney questions about the agreement, and came to understand the agreement before signing it.  Gwinnett answered in the affirmative to each question... In addition, the District Court confirmed that Gwinnett had signed the plea agreement.")

<u>Price</u>, 558 F.3d at 284 n. 12.

agreement, acknowledging that he understood its terms; defendant and his counsel confirmed their understanding of the plea agreement, including its appellate waiver provisions, on the record; and defendant stated that he was not coerced into entering into the plea agreement. Moreover, when given an opportunity to present evidence at the July 16, 2009 hearing that his waiver was not entered into knowingly and voluntarily, defendant presented no such evidence. We find no basis in the record to hold that the colloquy employed in this case adversely effected the "fairness integrity, or public reputation" of these judicial proceedings. Defendant's motion [doc. no 41] will, therefore, be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
                          )
     v.                   )     Civil Action No. 08-1028
                          )     (Criminal No. 06-0264)
ANTHONY LAMONT WILLIAMS   )
                          )

                         ORDER

     AND NOW this 24 day of July, 2009, upon consideration of

petitioner's motion to vacate, set aside, or correct sentence [doc.

no. 41] and the government's response thereto, IT IS HEREBY

ORDERED, ADJUDGED AND DECREED that said motion is DENIED.  The

Clerk is directed to mark this case closed forthwith.


                              BY THE COURT:

                              Gary L. Lancaster
                              United States District Judge


cc:  R. Damien Schorr, Esquire
     1015 Irwin Drive
     Pittsburgh, PA 15236

     Ross E. Lenhardt
     Assistant United States Attorney
     400 U.S. Post Office & Courthouse
     Pittsburgh, PA 15219

     Anthony Lamont Williams, #09157-068
     FCI-Beckley
     P.O. Box 350
     Beckley, WV 25813

     Federal Public Defender